UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:19-CV-80869

JURY TRIAL DEMANDED

NICHOLAS KOTELNICKI,

     Plaintiff,

v.

BL RESTAURANT OPERATIONS LLC,

     Defendant.

_____ /

## COMPLAINT

1. Plaintiff, NICHOLAS S KOTELNICKI, ("Plaintiff"), brings this action against Defendant, BL RESTAURANT OPERATIONS LLC, alleging as follows:

## JURY DEMAND

2. Plaintiff demands a trial by jury on all claims properly triable by a jury.

## PRELIMINARY STATEMENT

3. The Plaintiff, brings this action against Defendant for violations of the Americans with Disabilities Act of 1990 ("ADA") as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. §§ 12101 to 12213 (collectively, the "ADA"), the Family and Medical Leave Act, 29 U.S.C. Chapter 28 (as amended) ("FMLA"), and the Florida Civil Rights Act (FCRA), §§ 760.01 *et seq.*

4. At all times relevant, Plaintiff was employed by Defendant.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the ADA and the FMLA. This court also has supplemental jurisdiction over Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

## VENUE

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendant resides in this district and all Defendant reside in Florida, 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, 28 U.S.C. § 1391(b)(3), in that Defendant are subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought.

## PARTIES

7. PLAINTIFF is a citizen and resides in Florida.

8. PLAINTIFF at all relevant times was an employee, as defined by the ADA/FMLA and the relevant State Statutes referenced above.

9. BL RESTAURANT OPERATIONS LLC, is a Foreign Limited Liability Company organized in Delaware but is based in Addison, Texas. Defendant can be served by its registered agent C T CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD PLANTATION, FL 33324 and operates bars and restaurants throughout the Unites States including Florida. Defendant was Plaintiff's employers as defined by the ADA/FMLA and relevant state Statutes.

**COUNT ONE**
**FMLA Interference**

10. Plaintiff repeats and realleges paragraphs 1 through 9, as if fully set forth herein.

11. Defendant are an "employer" for purposes of the FMLA because it is engaged in an industry or activity affecting commerce and it has employed 50 or more employees for each working day during each of 20 or more calendar weeks in the current or preceding calendar year and/or Defendant were eligible employers pursuant to the Family Medical Leave Act and/or The Defendant are employers as defined under the FMLA.

12. Plaintiff is an "eligible employee" for purposes of FMLA coverage, i.e. employed for at least 12 months by Defendant and provided at least 1,250 hours of service in the 12 months immediately preceding the need for leave (Plaintiff was an eligible employee of Defendant as defined by the FMLA).

13. At all relevant times Plaintiff was an employee of Defendant and was qualified.

14. Defendant has the minimum number of employees and/or Plaintiff was entitled to FMLA leave because of a qulafying reason as defined by the FMLA (and was in fact approved for FMLA leave by Defendant).

15. Plaintiff gave Defendant proper notice of intent to take leave under the FMLA after expressly notifying Defendant, which alerted the Defendant of the need for medical leave. As such, Defendant possessed actual knowledge of Plaintiff's serious health condition and need for leave.

16. Plaintiff began working for Defendant in September 2014 as a server and later became a Manager around May 2016.

17. Plaintiff was terminated by Defendant in September 2017.

18. Plaintiff requested and was granted FMLA leave on or around June 2017 and returned around August 2017.

19. When Plaintiff returned from FMLA he was threatened with a transfer from Boynton Beach to Orlando, was demoted and his position changed back to waiter, less pay, etc.

20. Plaintiff also gave notice of additional FMLA need by requested an additional 1-2 weeks of medical leave

21. Around August 2017, shortly after Plaintiff had returned from FMLA leave, Defendant informed Plaintiff that his position was no longer needed as the company had 4 managers in the location.

22. One month after Plaintiff was terminated, Defendant hired a 4th manager for the very same location to replace Plaintiff despite just a month prior being told the position was no longer needed.

23. Tellingly, Plaintiff was terminated within months of his use of the FMLA.

24. Defendant interfered, restrained, intimidated, deterred and terminated Plaintiff while needing FMLA leave and/or while FMLA was requested.

25. Plaintiff requested were based on a good faith, Plaintiff was eligible for FMLA leave; Plaintiff was entitled to FMLA leave; Plaintiff gave Defendant proper notice of the need for leave; and Defendant interfered with, restrained, deterred and terminated Plaintiff due to the FMLA leave request.

26. Defendant interference, restraint, intimidation and deterrence were adverse employment action as these actions made Plaintiff and other employees reluctant to exercise the FMLA leave; and Defendant took these adverse employment actions in substantial part because of

Plaintiff's request for FMLA leave as Plaintiff was terminated just a few months after requesting FMLA leave and one month after her return to work.

27. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the FMLA.

28. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by the FMLA due to interference, restraint and deterrence of FMLA rights as Plaintiff made it known to the Defendant that medical leave under the FMLA may be required but Defendant interfered and deterred Plaintiff and other employees from using such medical leave by terminating Plaintiff.

29. Defendant, acting by and through its employees, maintained policies in violation of the FMLA for interference, restraint and deterrence of FMLA rights as they do not enforce their own policies regarding the FMLA but instead terminated Plaintiff after being placed on notice of the need for medical leave under the FMLA.

30. As a direct and proximate result of the actions of Defendant is in violation of the FMLA, Plaintiff has suffered damages including lost wages, loss of benefits and other compensation and interest thereon. Plaintiff's loss of wages and benefits is ongoing. Plaintiff is entitled to lost wages (plus pre-judgment interest), the recovery of full costs to replace the benefits or the full cost of the benefits as paid by the employer.

31. Moreover, Plaintiff is entitled to recover liquidated damages under the FMLA.

32. Plaintiff is entitled to reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action pursuant to the FMLA.

33. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages.

34. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

35. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

36. Plaintiff hereby requests a jury trial.

37. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:  Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein; Grant Plaintiff general damages for the damage to Plaintiff caused by Defendant' violations alleged in this Complaint; Pre-judgment interest at the highest legal rate; Post-judgment interest at the highest legal rate until paid; Back pay; Front pay; Punitive damages; Liquidated damages; Damages for mental pain and mental anguish; Exemplary damages; Attorney's fees; All costs of court expended herein; Actual monetary losses sustained by Plaintiff as a direct result of the violation, such as the cost of providing care, up to a sum equal to twelve (12) weeks of wages or salary; and such

other and further relief, at law or in equity, general or special to which Plaintiff may show he is justly entitled.

38. Defendant, acting by and through its employees, maintained a policy of discrimination and harassment based on disability/FMLA, in violation of the foregoing statutes against Plaintiff as the maintain a pattern of harassing, terminating and denying FMLA requests to employees with disabilities and FMLA.

**COUNT TWO**
**FMLA Retaliation**

39. Plaintiff repeats and realleges paragraphs 1 through 9, as if fully set forth herein.

40. Defendant are an "employer" for purposes of the FMLA because it is engaged in an industry or activity affecting commerce and it has employed 50 or more employees for each working day during each of 20 or more calendar weeks in the current or preceding calendar year and/or Defendant were eligible employers pursuant to the Family Medical Leave Act and/or The Defendant are employers as defined under the FMLA.

41. Plaintiff is an "eligible employee" for purposes of FMLA coverage, i.e. employed for at least 12 months by Defendant and provided at least 1,250 hours of service in the 12 months immediately preceding the need for leave (Plaintiff was an eligible employee of Defendant as defined by the FMLA).

42. At all relevant times Plaintiff was an employee of Defendant and was qualified.

43. Defendant has the minimum number of employees and/or Plaintiff was entitled to FMLA leave because of a qualifying reason as defined by the FMLA (and was in fact approved for FMLA leave by Defendant).

44. Plaintiff gave Defendant proper notice of intent to take leave under the FMLA after expressly notifying Defendant, which alerted the Defendant of the need for medical leave.

As such, Defendant possessed actual knowledge of Plaintiff's serious health condition and need for leave.

45. Plaintiff began working for Defendant in September 2014 as a server and later became a Manager around May 2016.

46. Plaintiff was terminated by Defendant in September 2017.

47. Plaintiff requested and was granted FMLA leave on or around June 2017 and returned around August 2017.

48. When Plaintiff returned from FMLA he was threatened with a transfer from Boynton Beach to Orlando, was demoted and his position changed back to waiter, less pay, etc.

49. Plaintiff also gave notice of additional FMLA need by requested an additional 1-2 weeks of medical leave

50. Around August 2017, shortly after Plaintiff had returned from FMLA leave, Defendant informed Plaintiff that his position was no longer needed as the company had 4 managers in the location.

51. One month after Plaintiff was terminated, Defendant hired a 4th manager for the very same location to replace Plaintiff despite just a month prior being told the position was no longer needed.

52. Tellingly, Plaintiff was terminated within months of his use of the FMLA.

53. Defendant retaliated, restrained, intimidated, deterred and terminated Plaintiff while needing FMLA leave and/or while FMLA was requested.

54. Plaintiff requested were based on a good faith, Plaintiff was eligible for FMLA leave; Plaintiff was entitled to FMLA leave; Plaintiff gave Defendant proper notice of the need

for leave; and Defendant interfered with, restrained, deterred and terminated Plaintiff due to the FMLA leave request.

55. Defendant retaliation, restraint, intimidation and deterrence were adverse employment action as these actions made Plaintiff and other employees reluctant to exercise the FMLA leave; and Defendant took these adverse employment actions in substantial part because of Plaintiff's request for FMLA leave as Plaintiff was terminated just a few months after requesting FMLA leave and one month after her return to work.

56. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the FMLA.

57. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by the FMLA due to interference, restraint and deterrence of FMLA rights as Plaintiff made it known to the Defendant that medical leave under the FMLA may be required but Defendant interfered and deterred Plaintiff and other employees from using such medical leave by terminating Plaintiff.

58. Defendant, acting by and through its employees, maintained policies in violation of the FMLA for interference, restraint and deterrence of FMLA rights as they do not enforce their own policies regarding the FMLA but instead terminated Plaintiff after being placed on notice of the need for medical leave under the FMLA.

59. As a direct and proximate result of the actions of Defendant is in violation of the FMLA, Plaintiff has suffered damages including lost wages, loss of benefits and other compensation and interest thereon. Plaintiff's loss of wages and benefits is ongoing.

Plaintiff is entitled to lost wages (plus pre-judgment interest), the recovery of full costs to replace the benefits or the full cost of the benefits as paid by the employer.

60. Moreover, Plaintiff is entitled to recover liquidated damages under the FMLA.

61. Plaintiff is entitled to reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action pursuant to the FMLA.

62. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages.

63. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

64. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

65. Plaintiff hereby requests a jury trial.

66. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:  Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein; Grant Plaintiff general damages for the damage to Plaintiff caused by Defendant' violations alleged in this Complaint; Pre-judgment interest at the highest legal

rate; Post-judgment interest at the highest legal rate until paid; Back pay; Front pay; Punitive damages; Liquidated damages; Damages for mental pain and mental anguish; Exemplary damages; Attorney's fees; All costs of court expended herein; Actual monetary losses sustained by Plaintiff as a direct result of the violation, such as the cost of providing care, up to a sum equal to twelve (12) weeks of wages or salary; and such other and further relief, at law or in equity, general or special to which Plaintiff may show he is justly entitled.

67. Defendant, acting by and through its employees, maintained a policy of discrimination and harassment based on disability/FMLA, in violation of the foregoing statutes against Plaintiff as the maintain a pattern of harassing, terminating and denying FMLA requests to employees with disabilities and FMLA.

**COUNT THREE**

**Failure to Provide a Reasonable Accommodation in Violation of the ADA**

68. Plaintiff repeats and realleges paragraphs 1 through 9 hereof, as if fully set forth herein.

69. At all relevant times Plaintiff was an employee of Defendant and was qualified.

70. Plaintiff began working for Defendant in September 2014 as a server and later became a Manager around May 2016.

71. Plaintiff was terminated by Defendant in September 2017.

72. Plaintiff gave notice of his disability and need for accommodations; i.e. short-term medical leave when he requested and was granted FMLA leave on or around June 2017 and returned around August 2017.

73. When Plaintiff returned from medical leave, he was threatened with a transfer from Boynton Beach to Orlando, was demoted and his position changed back to waiter, less pay, etc.

74. Plaintiff also gave notice of additional need for short term medical leave when he requested an additional 1-2 weeks due to his medical condition.

75. Around August 2017, shortly after Plaintiff had returned from medical leave, Defendant informed Plaintiff that his position was no longer needed as the company had 4 managers in the location.

76. One month after Plaintiff was terminated, Defendant hired a 4th manager for the very same location to replace Plaintiff despite just a month prior being told the position was no longer needed.

77. Tellingly, Plaintiff was terminated within months of his use of the medical leave and request for accommodations.

78. Defendant denied Plaintiff any reasonable accommodation and created a hostile work environment.

79. Plaintiff, having been diagnosed and previously granted reasonable accommodations, was a qualified individual with a disability under the Americans with Disabilities Act of 1990, as amended and/or was perceived to be disabled by Defendant. As a result of Plaintiff's disability, major life activities, are substantially limited.

80. Plaintiff is a "qualified individual with a disability" within the meaning of 42 U.S.C.A. § 12111 of the ADA. Plaintiff could perform the essential functions of the position with or without a reasonable accommodation.

81. Rather than engaging in the interactive process to address Plaintiff's request for an accommodation, Defendant decided to create a hostile work environment/terminate.

82. Plaintiff suffered damages as a result of Defendant' unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits and the costs of bringing this action.

83. Defendant intentionally violated Plaintiff's rights under the ADA with malice or reckless indifference, and, as a result, are liable for punitive damages.

84. Defendant, acting by and through its employees, maintained a policy of discrimination and harassment based on disability, in violation of the foregoing statutes against Plaintiff as the maintain a pattern of harassing, terminating and denying accommodation requests to employees with disabilities.

## COUNT FOUR

### Retaliation in Violation of the ADA

85. Plaintiff repeats and realleges paragraphs 1 through 9 hereof, as if fully set forth herein.

86. At all relevant times Plaintiff was an employee of Defendant and was qualified.

87. Plaintiff began working for Defendant in September 2014 as a server and later became a Manager around May 2016.

88. Plaintiff was terminated by Defendant in September 2017.

89. Plaintiff gave notice of his disability and need for accommodations; i.e. short-term medical leave when he requested and was granted FMLA leave on or around June 2017 and returned around August 2017.

90. When Plaintiff returned from medical leave, he was threatened with a transfer from Boynton Beach to Orlando, was demoted and his position changed back to waiter, less pay, etc.

91. Plaintiff also gave notice of additional need for short term medical leave when he requested an additional 1-2 weeks due to his medical condition.

92. Around August 2017, shortly after Plaintiff had returned from medical leave, Defendant informed Plaintiff that his position was no longer needed as the company had 4 managers in the location.

93. One month after Plaintiff was terminated, Defendant hired a 4th manager for the very same location to replace Plaintiff despite just a month prior being told the position was no longer needed.

94. Tellingly, Plaintiff was terminated within months of his use of the medical leave and request for accommodations.

95. Defendant denied Plaintiff any reasonable accommodation and created a hostile work environment.

96. Plaintiff, having been diagnosed and previously granted reasonable accommodations, was a qualified individual with a disability under the Americans with Disabilities Act of 1990, as amended and/or was perceived to be disabled by Defendant. As a result of Plaintiff's disability, major life activities, are substantially limited.

97. Plaintiff is a "qualified individual with a disability" within the meaning of 42 U.S.C.A. § 12111 of the ADA. Plaintiff could perform the essential functions of the position with or without a reasonable accommodation.

98. Rather than engaging in the interactive process to address Plaintiff's request for an accommodation, Defendant decided to create a hostile work environment/terminate.

99. Plaintiff suffered damages as a result of Defendant' unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits and the costs of bringing this action.

100.    Defendant intentionally violated Plaintiff's rights under the ADA with malice or reckless indifference, and, as a result, are liable for punitive damages.

101.    Defendant, acting by and through its employees, maintained a policy of discrimination and harassment based on disability, in violation of the foregoing statutes against Plaintiff as the maintain a pattern of harassing, terminating and denying accommodation requests to employees with disabilities.

## COUNT FIVE

### Discharge in Violation of the ADA

102.    Plaintiff repeats and realleges paragraphs 1 through 9 hereof, as if fully set forth herein.

103.    At all relevant times Plaintiff was an employee of Defendant and was qualified.

104.    Plaintiff began working for Defendant in September 2014 as a server and later became a Manager around May 2016.

105.    Plaintiff was terminated by Defendant in September 2017.

106.    Plaintiff gave notice of his disability and need for accommodations; i.e. short-term medical leave when he requested and was granted FMLA leave on or around June 2017 and returned around August 2017.

107.     When Plaintiff returned from medical leave, he was threatened with a transfer from Boynton Beach to Orlando, was demoted and his position changed back to waiter, less pay, etc.

108.     Plaintiff also gave notice of additional need for short term medical leave when he requested an additional 1-2 weeks due to his medical condition.

109.     Around August 2017, shortly after Plaintiff had returned from medical leave, Defendant informed Plaintiff that his position was no longer needed as the company had 4 managers in the location.

110.     One month after Plaintiff was terminated, Defendant hired a 4th manager for the very same location to replace Plaintiff despite just a month prior being told the position was no longer needed.

111.     Tellingly, Plaintiff was terminated within months of his use of the medical leave and request for accommodations.

112.     Defendant denied Plaintiff any reasonable accommodation and created a hostile work environment.

113.     Plaintiff, having been diagnosed and previously granted reasonable accommodations, was a qualified individual with a disability under the Americans with Disabilities Act of 1990, as amended and/or was perceived to be disabled by Defendant. As a result of Plaintiff's disability, major life activities, are substantially limited.

114.     Plaintiff is a "qualified individual with a disability" within the meaning of 42 U.S.C.A. § 12111 of the ADA. Plaintiff could perform the essential functions of the position with or without a reasonable accommodation.

115.     Rather than engaging in the interactive process to address Plaintiff's request for an accommodation, Defendant decided to create a hostile work environment/terminate.

116.     Plaintiff suffered damages as a result of Defendant' unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits and the costs of bringing this action.

117.     Defendant intentionally violated Plaintiff's rights under the ADA with malice or reckless indifference, and, as a result, are liable for punitive damages.

118.     Defendant, acting by and through its employees, maintained a policy of discrimination and harassment based on disability, in violation of the foregoing statutes against Plaintiff as the maintain a pattern of harassing, terminating and denying accommodation requests to employees with disabilities.

## COUNT SIX

### Interference in Violation of the ADA

119.     The ADA provides that an employer may not "coerce, intimidate, threaten, or interfere with" an employee's exercise of their rights under the ADA or on account of the employee's having exercised their rights under the ADA.

120.     Plaintiff repeats and realleges paragraphs 1 through 9 hereof, as if fully set forth herein.

121.     At all relevant times Plaintiff was an employee of Defendant and was qualified.

122.     Plaintiff began working for Defendant in September 2014 as a server and later became a Manager around May 2016.

123.     Plaintiff was terminated by Defendant in September 2017.

124.      Plaintiff gave notice of his disability and need for accommodations; i.e. short-
term medical leave when he requested and was granted FMLA leave on or around June
2017 and returned around August 2017.

125.      When Plaintiff returned from medical leave, he was threatened with a transfer
from Boynton Beach to Orlando, was demoted and his position changed back to waiter,
less pay, etc.

126.      Plaintiff also gave notice of additional need for short term medical leave when he
requested an additional 1-2 weeks due to his medical condition.

127.      Around August 2017, shortly after Plaintiff had returned from medical leave,
Defendant informed Plaintiff that his position was no longer needed as the company had
4 managers in the location.

128.      One month after Plaintiff was terminated, Defendant hired a 4th manager for the
very same location to replace Plaintiff despite just a month prior being told the position
was no longer needed.

129.      Tellingly, Plaintiff was terminated within months of his use of the medical leave
and request for accommodations.

130.      Defendant denied Plaintiff any reasonable accommodation and created a hostile
work environment.

131.      Plaintiff, having been diagnosed and previously granted reasonable
accommodations, was a qualified individual with a disability under the Americans with
Disabilities Act of 1990, as amended and/or was perceived to be disabled by Defendant.
As a result of Plaintiff's disability, major life activities, are substantially limited.

132.     Plaintiff is a "qualified individual with a disability" within the meaning of 42 U.S.C.A. § 12111 of the ADA. Plaintiff could perform the essential functions of the position with or without a reasonable accommodation.

133.     Rather than engaging in the interactive process to address Plaintiff's request for an accommodation, Defendant decided to create a hostile work environment/terminate.

134.     Plaintiff suffered damages as a result of Defendant' unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits and the costs of bringing this action.

135.     Defendant intentionally violated Plaintiff's rights under the ADA with malice or reckless indifference, and, as a result, are liable for punitive damages.

136.     Defendant, acting by and through its employees, maintained a policy of discrimination and harassment based on disability, in violation of the foregoing statutes against Plaintiff as the maintain a pattern of harassing, terminating and denying accommodation requests to employees with disabilities.

## COUNT SEVEN

### Failure to Provide a Reasonable Accommodation in Violation of the FCRA

137.     Plaintiff repeats and realleges paragraphs 1 through 9 hereof, as if fully set forth herein.

138.     At all relevant times Plaintiff was an employee of Defendant and was qualified.

139.     Plaintiff began working for Defendant in September 2014 as a server and later became a Manager around May 2016.

140.     Plaintiff was terminated by Defendant in September 2017.

141.     Plaintiff gave notice of his disability and need for accommodations; i.e. short-term medical leave when he requested and was granted FMLA leave on or around June 2017 and returned around August 2017.

142.     When Plaintiff returned from medical leave, he was threatened with a transfer from Boynton Beach to Orlando, was demoted and his position changed back to waiter, less pay, etc.

143.     Plaintiff also gave notice of additional need for short term medical leave when he requested an additional 1-2 weeks due to his medical condition.

144.     Around August 2017, shortly after Plaintiff had returned from medical leave, Defendant informed Plaintiff that his position was no longer needed as the company had 4 managers in the location.

145.     One month after Plaintiff was terminated, Defendant hired a 4th manager for the very same location to replace Plaintiff despite just a month prior being told the position was no longer needed.

146.     Tellingly, Plaintiff was terminated within months of his use of the medical leave and request for accommodations.

147.     Defendant denied Plaintiff any reasonable accommodation and created a hostile work environment.

148.     Plaintiff, having been diagnosed and previously granted reasonable accommodations, was a qualified individual with a disability under the Americans with Disabilities Act of 1990, as amended and/or was perceived to be disabled by Defendant. As a result of Plaintiff's disability, major life activities, are substantially limited.

149.     Plaintiff is a "qualified individual with a disability" within the meaning of 42

U.S.C.A. § 12111 of the ADA. Plaintiff could perform the essential functions of the

position with or without a reasonable accommodation.

150.     Rather than engaging in the interactive process to address Plaintiff's request for an

accommodation, Defendant decided to create a hostile work environment/terminate.

151.     Plaintiff suffered damages as a result of Defendant' unlawful discriminatory

actions, including emotional distress, past and future lost wages and benefits and the

costs of bringing this action.

152.     Defendant intentionally violated Plaintiff's rights under the ADA with malice or

reckless indifference, and, as a result, are liable for punitive damages.

153.     Defendant, acting by and through its employees, maintained a policy of

discrimination and harassment based on disability, in violation of the foregoing statutes

against Plaintiff as the maintain a pattern of harassing, terminating and denying

accommodation requests to employees with disabilities.

## COUNT EIGHT

### Retaliation in Violation of the FCRA

154.     Plaintiff repeats and realleges paragraphs 1 through 9 hereof, as if fully set forth

herein.

155.     At all relevant times Plaintiff was an employee of Defendant and was qualified.

156.     Plaintiff began working for Defendant in September 2014 as a server and later

became a Manager around May 2016.

157.     Plaintiff was terminated by Defendant in September 2017.

158.     Plaintiff gave notice of his disability and need for accommodations; i.e. short-term medical leave when he requested and was granted FMLA leave on or around June 2017 and returned around August 2017.

159.     When Plaintiff returned from medical leave, he was threatened with a transfer from Boynton Beach to Orlando, was demoted and his position changed back to waiter, less pay, etc.

160.     Plaintiff also gave notice of additional need for short term medical leave when he requested an additional 1-2 weeks due to his medical condition.

161.     Around August 2017, shortly after Plaintiff had returned from medical leave, Defendant informed Plaintiff that his position was no longer needed as the company had 4 managers in the location.

162.     One month after Plaintiff was terminated, Defendant hired a 4th manager for the very same location to replace Plaintiff despite just a month prior being told the position was no longer needed.

163.     Tellingly, Plaintiff was terminated within months of his use of the medical leave and request for accommodations.

164.     Defendant denied Plaintiff any reasonable accommodation and created a hostile work environment.

165.     Plaintiff, having been diagnosed and previously granted reasonable accommodations, was a qualified individual with a disability under the Americans with Disabilities Act of 1990, as amended and/or was perceived to be disabled by Defendant. As a result of Plaintiff's disability, major life activities, are substantially limited.

166.     Plaintiff is a "qualified individual with a disability" within the meaning of 42 U.S.C.A. § 12111 of the ADA. Plaintiff could perform the essential functions of the position with or without a reasonable accommodation.

167.     Rather than engaging in the interactive process to address Plaintiff's request for an accommodation, Defendant decided to create a hostile work environment/terminate.

168.     Plaintiff suffered damages as a result of Defendant' unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits and the costs of bringing this action.

169.     Defendant intentionally violated Plaintiff's rights under the ADA with malice or reckless indifference, and, as a result, are liable for punitive damages.

170.     Defendant, acting by and through its employees, maintained a policy of discrimination and harassment based on disability, in violation of the foregoing statutes against Plaintiff as the maintain a pattern of harassing, terminating and denying accommodation requests to employees with disabilities.

## COUNT NINE

### Discharge in Violation of the FCRA

171.     Plaintiff repeats and realleges paragraphs 1 through 9 hereof, as if fully set forth herein.

172.     At all relevant times Plaintiff was an employee of Defendant and was qualified.

173.     Plaintiff began working for Defendant in September 2014 as a server and later became a Manager around May 2016.

174.     Plaintiff was terminated by Defendant in September 2017.

175.    Plaintiff gave notice of his disability and need for accommodations; i.e. short-term medical leave when he requested and was granted FMLA leave on or around June 2017 and returned around August 2017.

176.    When Plaintiff returned from medical leave, he was threatened with a transfer from Boynton Beach to Orlando, was demoted and his position changed back to waiter, less pay, etc.

177.    Plaintiff also gave notice of additional need for short term medical leave when he requested an additional 1-2 weeks due to his medical condition.

178.    Around August 2017, shortly after Plaintiff had returned from medical leave, Defendant informed Plaintiff that his position was no longer needed as the company had 4 managers in the location.

179.    One month after Plaintiff was terminated, Defendant hired a 4th manager for the very same location to replace Plaintiff despite just a month prior being told the position was no longer needed.

180.    Tellingly, Plaintiff was terminated within months of his use of the medical leave and request for accommodations.

181.    Defendant denied Plaintiff any reasonable accommodation and created a hostile work environment.

182.    Plaintiff, having been diagnosed and previously granted reasonable accommodations, was a qualified individual with a disability under the Americans with Disabilities Act of 1990, as amended and/or was perceived to be disabled by Defendant. As a result of Plaintiff's disability, major life activities, are substantially limited.

183.     Plaintiff is a "qualified individual with a disability" within the meaning of 42
U.S.C.A. § 12111 of the ADA. Plaintiff could perform the essential functions of the
position with or without a reasonable accommodation.

184.     Rather than engaging in the interactive process to address Plaintiff's request for an
accommodation, Defendant decided to create a hostile work environment/terminate.

185.     Plaintiff suffered damages as a result of Defendant' unlawful discriminatory
actions, including emotional distress, past and future lost wages and benefits and the
costs of bringing this action.

186.     Defendant intentionally violated Plaintiff's rights under the ADA with malice or
reckless indifference, and, as a result, are liable for punitive damages.

187.     Defendant, acting by and through its employees, maintained a policy of
discrimination and harassment based on disability, in violation of the foregoing statutes
against Plaintiff as the maintain a pattern of harassing, terminating and denying
accommodation requests to employees with disabilities.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for past and future loss of wages and benefits, plus interest;

C. Award Plaintiff compensatory and punitive damages;

D. Order Defendant' to reinstate Plaintiff to a position comparable to the former position or,
in lieu of reinstatement, award front pay (including benefits);

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this
action; and

F.  Grant Plaintiff such additional or alternative relief as the Court deems just and proper

and/or which Plaintiff may be entitled to under the applicable laws.

Dated: June 30, 2019                    Respectfully submitted,
Miami, Florida                          AN Law Firm, P.A.
                                        /s/ Alberto Naranjo
                                        Phone: 305-942-8070
                                        Fax: 305-328-3884
                                        Email: AN@ANLawFirm.com
                                        7900 Oak Lane #400 AN Law
                                        Miami Lakes, FL 33016
                                        **ATTORNEY FOR PLAINTIFF**